ELECTRONICALLY FILED - 2024 May 03 12:56 PM - BERKELEY - COMMON PLEAS - CASE#2024CP0801288

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** ) | **IN THE COURT OF COMMON PLEAS** |
| ) | **NINTH JUDICIAL CIRCUIT** |
| **COUNTY OF BERKELEY** ) | |
| **CAPERS CONSTRUCTION, LLC,** ) | **2024-CP-08-_____** |
| ) | |
| *PLAINTIFF*, ) | |
| ) | **SUMMONS** |
| **vs.** ) | |
| ) | |
| **MOTOR TRANSPORT MUTUAL RISK** ) | |
| **RETENTION GROUP, INC.,** ) | |
| *DEFENDANT.* ) | |

YOU ARE HEREBY SUMMONED AND REQUIRED to answer the Complaint in the above-entitled action, a copy of which is served upon you, and to serve a copy of your Answer upon the attorney at their office located at 50 Folly Road in Charleston, South Carolina 29407 within thirty (30) days after the date of such service, exclusive of the day of service; and if you fail to answer the Complaint within that time, judgment by default will be rendered against you for the relief demanded in the Complaint

ALLEN LAW FIRM


s/*Julian Allen*
Julian K. Allen
50 Folly Road Boulevard
Charleston, SC 29407
T: 843.882.5005
julian@allenlawsc.com
*ATTORNEYS FOR PLAINTIFF*

May 3, 2024

ELECTRONICALLY FILED - 2024 May 03 12:56 PM - BERKELEY - COMMON PLEAS - CASE#2024CP0801288

**STATE OF SOUTH CAROLINA** )  **IN THE COURT OF COMMON PLEAS**

) **NINTH JUDICIAL CIRCUIT**

**COUNTY OF BERKELEY** )

**CAPERS CONSTRUCTION, LLC,** )    **2024-CP-08-_____**

)

*PLAINTIFF*, )

) **COMPLAINT**

**vs.** )

)

**MOTOR TRANSPORT MUTUAL RISK** )
**RETENTION GROUP, INC.,** )
*DEFENDANT.* )

Plaintiff by and through undersigned counsel, complaining of Defendant alleges as follows:

## PARTIES

1.     Plaintiff is a South Carolina company based out of Berkeley County, South Carolina.

2.     Defendant is an insurance company organized and existing under the laws of a state other than the State of South Carolina, but is authorized to do business within the State of South Carolina.

## VENUE

3.     The Plaintiff and the insured property at issue are located in Berkeley County, South Carolina.

4.     The parties, the subject matter, and all things/matters alleged herein are within the jurisdiction of this Court.

## FACTUAL BACKGROUND

5.     This lawsuit concerns applicability of insurance for a tractor trailer involved in a crash on January 18, 2022 in Summerville, South Carolina, County of Berkeley.

ELECTRONICALLY FILED - 2024 May 03 12:56 PM - BERKELEY - COMMON PLEAS - CASE#2024CP0801288

6.    At the time of the crash, Jacobi Montgomery was operating Plaintiff's 2021 Freightliner, when an unknown driver made contact with Plaintiff's 2021 Freightliner, causing it to turn on its side, sustaining serious damage.

7.    As a result of the crash, Plaintiff's 2021 Freightliner was totaled and unable to be driven.

8.    At all times relevant, Defendant had a policy of insurance for Plaintiff's vehicle(s), policy number LHM0116-00 ("policy").

9.    At the time of the crash, Plaintiff's 2021 Freightliner was principally garaged in South Carolina (Berkeley County) and qualified as an insured vehicle under the policy.

10.   As required by South Carolina law, any policy of insurance for a vehicle must include uninsured motorist coverage.

11.   Those uninsured motorist coverage benefits must be paid when the insured has satisfied South Carolina Code Ann. § 38-77-150, *et seq*.

12.   Plaintiff is entitled to uninsured motorist benefits under the policy.

13.   Plaintiff has made reasonable requests seeking fair reimbursement for damages under the policy.

14.   On November 28, 2023, Defendant sent a letter denying coverage for the loss.

15.   The denial was based on an incomplete/inaccurate investigation, misinterpretation of the policy, and/or wrong application of our laws.

16.   Despite Defendant's denial of coverage to Plaintiff on November 28, 2023, Defendant settled another insured, Jacobi Montgomery's injury claim on or about January 16, 2024 in mediation. See, Montgomery v. Doe, 2022-CP-08-02146.

ELECTRONICALLY FILED - 2024 May 03 12:56 PM - BERKELEY - COMMON PLEAS - CASE#2024CP0801288

**FOR A FIRST CAUSE OF ACTION**
**(Declaratory Judgment)**

17. Plaintiff realleges each and every allegation of the previous Paragraphs.

18. This action is brought pursuant to the Uniform Declaratory Judgment Act to resolve a justifiable controversy between the parties relative to their rights, duties, and entitlements under the policy.

19. The issues in controversy are governed by the laws of South Carolina because the policy insured property located in South Carolina.

20. Plaintiff is informed and believes they are entitled to a declaration that the Defendant owes benefits under the policy.

21. Plaintiff is informed and believes they are entitled to reimbursement for the costs and attorney's fees incurred for bringing this action.

**FOR A SECOND CAUSE OF ACTION**
**(Breach of Contract)**

22. Plaintiff realleges each and every allegation of the previous Paragraphs.

23. Defendant's conduct constitutes a breach of the insurance contract.

24. As a result, Plaintiff is entitled to an award of actual and punitive damages.

**FOR A THIRD CAUSE OF ACTION**
**(Bad Faith)**

25. Plaintiff realleges each and every allegation of the previous Paragraphs.

26. Defendant's handling of the claim and its breach of the contract was unreasonable and done in bad faith in one or more of the following respects:

    a.     In failing to comply with industry standards of good faith and fair dealing;

ELECTRONICALLY FILED - 2024 May 03 12:56 PM - BERKELEY - COMMON PLEAS - CASE#2024CP0801288

b.    In failing to do a fair, thorough and complete investigation;

c.    In failing to reasonably consider all facts and evidence tending to show plaintiff's losses;

d.    In asserting policy exclusions that failed to meet the burden of proof;

e.    In paying an insured's claim while denying covered benefits to another insured; and

f.    In other ways which will be established in discovery and trial.

27.    Plaintiff is entitled to an award of actual, consequential and punitive damages, along with attorney's fees.

WHEREFORE, Plaintiff requests an entry of judgment in their favor:

1.  Declaration that the policy provides for coverage for the underlying injury and loss;

2.  Damages in an amount of actual, consequential, and punitive damages in an amount to be determined by this Court; and

3.  Any other relief the Court deems just, including reasonable attorneys fees and costs.

**ALLEN LAW FIRM**

___s/*Julian Allen*_____
Julian K. Allen
50 Folly Road Boulevard
Charleston, SC 29407
T: 843.882.5005
julian@allenlawsc.com
ATTORNEYS FOR PLAINTIFF

May 3, 2024